UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| DIANA WILLIAMS, <u>et al.</u> | ) | CASE NO. 1:08 CV 2598 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | JUDGE KATHLEEN M. O'MALLEY |
| v. | ) | |
| | ) | |
| OHIO EDISON, <u>et al.</u>, | ) | <u>MEMORANDUM OF OPINION</u> |
| | ) | <u>AND ORDER</u> |
| Defendants. | ) | |

<u>Pro se</u> plaintiff Diana Williams filed this action on behalf of herself and Edward Williams under "42 U.S.C. § 1983 - Civil Rights 42 U.S.C. 2000e Title VII Discrimination" against Ohio Edison, the law firm of Weltman Weinberg Reis, Attorney Donald Mauser, Summit County Court of Common Pleas Judge Judith Hunter, and Summit County Common Please Court Magistrate Don Shoemaker.  In the complaint, plaintiff alleges her wages have been unfairly garnished.  She asks this court to enjoin the garnishment, order the defendants to return any monies they received, issue an order holding the defendants in contempt of court, and award her monetary damages.  Plaintiff also filed an Application to Proceed <u>In Forma Pauperis</u>.  That Application is granted.

**Background**

Ms. Williams objects to the garnishment of her wages.  She contends she was not

served with the garnishment order "nor was [she] contacted by a credit consoling [sic] agency for them to evaluate [her] financial situation as required by the ORC 2716.03 statute." (Compl. at 2-3.) She indicates her employer was served with the garnishment order in July 2007 and her wages have been garnished since that date.

Ms. Williams responded by filing a Motion for Relief from Judgment pursuant to Ohio Rule of Civil Procedure 60(b). A hearing was scheduled for August 20, 2008. Ms. Edward contends she issued a subpoena and requested that evidence of the debt be produced. Ohio Edison did not respond. Ms. Williams filed a Motion to have Ohio Edison held in contempt of court. At that time she "revisited the initial papers that were served on my employer, to my surprise the papers I was served did not have Ohio Edison on them they listed the Cleveland Postal Credit Union." (Compl. at 3.) Ms. Williams asserts that the defendants "have perpetrated a hoax on me. I have been garnished illegally. ...This has been corruption a tort and a cover up." (Compl. at 3.)

## Analysis

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City

---

[1] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to §1915(e).

As an initial matter, it appears that there are in fact two separate judgments against Ms. Williams. Summit County Court dockets indicate that the Cleveland Postal Credit Employees Credit Union obtained a judgment in the amount of $ 8,401.40 plus costs and interest on July 7, 1998 in the Barberton Municipal Court, Case No. 97CVF00529. They began garnishment efforts on July 13, 2007. Ohio Edison filed suit against Ms. Williams in the Summit County Court of Common Pleas on October 6, 1998 in Case No. CV 1998-10-3882, and obtained a judgment against her on August 20, 1999 in the amount of $ 5,968.21, plus interest. Ohio Edison began its efforts to garnish Ms. Williams's wages in November 2006. Ms. Williams filed several Motions seeking to vacate the Judgment and the Garnishment Order with no immediate success. Her wages were garnished by Ohio Edison from January 2007 until July 2007, when the matter of the garnishment was stayed by the court. All further garnishment payments in Case No. CV-1998-10-3882 were to placed into escrow until further order of court. The garnishment in Case No. 97CVF00529 filed by the Cleveland Postal Employees Credit Union appears to have been filed shortly after the stay in Case No. CV-1998-10-3882 was ordered.[2]

Nevertheless, even if the garnishment is improperly filed, this court is without jurisdiction to vacate the order. United States District Courts do not have jurisdiction over challenges to state court decisions even if those challenges allege that the state court's action was unconstitutional. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 483 n. 16 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923). Federal appellate review of state

---

[2]  Summit County Court Dockets can be viewed at:
    http://www.cpclerk.co.summit.oh.us/welcome.asp.

court judgments can only occur in the United States Supreme Court, by appeal or by writ of certiorari. Id. Under this principle, generally referred to as the Rooker-Feldman Doctrine, a party losing his case in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court based on the party's claim that the state judgment itself violates his or her federal rights. Johnson v. DeGrandy, 512 U.S. 997, 1005-06 (1994). Federal jurisdiction cannot be invoked merely by couching the claims in terms of a civil rights action. Lavrack v. City of Oak Park, No. 98-1142, 1999 WL 801562, at *2 (6th Cir. Sept. 28, 1999); see Valenti v. Mitchell, 962 F.2d 288, 296 (3d Cir.1992).

The United States Sixth Circuit Court of Appeals has applied two elements to a Rooker-Feldman analysis. First, in order for the Rooker-Feldman doctrine to apply to a claim presented in federal district court, the issue before the court must be inextricably intertwined with the claim asserted in the state court proceeding. Catz v. Chalker, 142 F.3d 279, 293 (6th Cir. 1998); see Tropf v. Fidelity National Title Insurance Co., 289 F.3d 929, 937 (6th Cir. 2002). "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state court judgment." Catz, 142 F.3d at 293. The Rooker-Feldman doctrine applies when the party losing his case in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself. Coles v. Granville, 448 F.3d 853, 857-59 (6th Cir. 2006). Second, the Rooker-Feldman doctrine precludes a district court's jurisdiction where the claim is a specific grievance that the law was invalidly or unconstitutionally applied in plaintiff's particular case as opposed to a general constitutional challenge to the state law applied in the state action. Id.; Tropf, 289 F.3d at 937.

In the present action, Ms. Williams is challenging the state court's order permitting the garnishment of her wages. All of her allegations concern specific grievances that the law was incorrectly applied to her case, and are clearly predicated on her belief that the state court was mistaken in rendering its decision against her. Moreover, she requests as relief that the state judgment and garnishment order be vacated and their execution enjoined. Any review of the claims asserted in this context would require the court to review the specific issues addressed in the state court proceedings against her. This court lacks subject matter jurisdiction to conduct such a review or grant the relief as requested. Feldman, 460 U.S. at 483-84 n. 16; Catz, 142 F.3d at 293.

Moreover, even if this court had jurisdiction to entertain this matter, Ms. Williams failed to state a claim upon which relief could be granted. The complaint is comprised entirely of factual allegations, preceded by the notation, "42 U.S.C. § 1983 - Civil Rights 42 U.S.C. 2000e Title VII Discrimination" (Compl. at 2.) Title VII, 42 U.S.C. § 2000e governs employment discrimination which is clearly inapplicable to the allegations set forth in the complaint. Ms Williams gives no indication of the constitutional rights which support her claim for relief under 42 U.S.C. § 1983.

Principles requiring generous construction of pro se pleadings are not without limits. See Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. See Schied v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. Beaudett, 775 F.2d at 1278. To do so would

"require ...[the courts] to explore exhaustively all potential claims of a pro se plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Id. at 1278. Moreover, plaintiff's failure to identify a particular legal theory in his complaint places an unfair burden on the defendants to speculate on the potential claims that plaintiff may be raising against them and the defenses they might assert in response to each of these possible causes of action. See Wells v. Brown, 891 F.2d at 594. Even liberally construed, the complaint does not sufficiently state the federal constitutional claim or claims upon which plaintiff intends to base his § 1983 action.

## Conclusion

Accordingly, Plaintiff's Application to Proceed In Forma Pauperis is granted and this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[3]

IT IS SO ORDERED.

s/ Kathleen M. O'Malley
KATHLEEN M. O'MALLEY
UNITED STATES DISTRICT JUDGE

DATED: January 20, 2009

---

[3] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.

"require ...[the courts] to explore exhaustively all potential claims of a pro se plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Id. at 1278. Moreover, plaintiff's failure to identify a particular legal theory in his complaint places an unfair burden on the defendants to speculate on the potential claims that plaintiff may be raising against them and the defenses they might assert in response to each of these possible causes of action. See Wells v. Brown, 891 F.2d at 594. Even liberally construed, the complaint does not sufficiently state the federal constitutional claim or claims upon which plaintiff intends to base his § 1983 action.

## Conclusion

Accordingly, Plaintiff's Application to Proceed In Forma Pauperis is granted and this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[3]

IT IS SO ORDERED.

s/ Kathleen M. O'Malley
KATHLEEN M. O'MALLEY
UNITED STATES DISTRICT JUDGE

DATED: January 20, 2009

---

[3] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.